# Exhibit A



**Service of Process Transmittal**
12/20/2021
CT Log Number 540773420

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | **Process Served in Washington** |
| **FOR:** | WALMART INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GARCIA DANIEL and CELIA HERNANDEZ, husband and wife, and the marital Community comprised thereof // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Yakima County, Superior Court of Washington, WA<br>Case # 2120197639 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 11/06/2019 |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Olympia, WA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/20/2021 at 11:49 |
| **JURISDICTION SERVED :** | Washington |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, excluding the day of service |
| **ATTORNEY(S) / SENDER(S):** | Brett Kobes<br>Kobes Legal PLLC<br>118 Downing Ave., N., Suite B<br>North Bend, WA 98045<br>206-915-7177 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/21/2021, Expected Purge Date: 12/26/2021<br><br>Image SOP<br><br>Email Notification,  Grymarys De Jesus  grymarys.dejesus@walmart.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>711 Capitol Way S<br>Suite 204<br>Olympia, WA 98501<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

Page 1 of  2 / JD



# Service of Process Transmittal
12/20/2021
CT Log Number 540773420

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Washington**

**FOR:** WALMART INC.  (Domestic State: DE)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / JD

**FILED**
**NOV 02 2021**
*Tracey M. Slagle*
*YAKIMA COUNTY CLERK*

# THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR YAKIMA COUNTY

DANIEL GARCIA and CELIA HERNANDEZ, husband and wife, and the marital community comprised thereof,

Plaintiff,

vs.

WALMART INC.; a foreign profit corporation; WAL-MART #2241 POS; "DOE(S) 1-100;" AND "CORPORATION(S) XYZ 1-100,"

Defendants.

NO. 21 2 01 97 6 39

SUMMONS

TO:   SAID DEFENDANTS

A lawsuit has been started against you in the above-entitled court by the named Plaintiffs. Plaintiffs' claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing and serve a copy upon the undersigned attorney for the plaintiffs within twenty (20) days after service of this Summons, excluding the day of service, or a default

SUMMONS - 1 -

KOBES LEGAL PLLC
118 DOWNING AVE N., SUITE B
NORTH BEND, WA 98045
(206) 915-7177 FAX: (425) 292-3973

judgment may be entered against you without notice. A default judgment is one where the plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiff. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Civil Rules in the State of Washington.

DATED November 1, 2021.

DEAN STANDISH PERKINS & ASSOCIATES

By: *Brett Kobes for*
Dean Standish Perkins, WSBA #15856
Attorney for Plaintiff


KOBES LEGAL PLLC

By: *Brett Kobes*
Brett Kobes, WSBA #54923
Attorney for Plaintiff

SUMMONS - 2 -

KOBES LEGAL PLLC
118 DOWNING AVE N., SUITE B
NORTH BEND, WA 98045
(206) 915-7177 FAX: (425) 292-3973

**FILED**
**NOV 02 2021**
*Tracey M. Slagle*
*YAKIMA COUNTY CLERK*

THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR YAKIMA COUNTY

| | |
|---|---|
| DANIEL GARCIA and CELIA HERNANDEZ, husband and wife, and the marital community comprised thereof, | NO. 21 2 01976 39 |
| Plaintiffs, | COMPLAINT FOR DAMAGES |
| vs. | [JURY DEMAND] |
| WALMART INC, a foreign profit corporation; WAL-MART #2241 POS; "DOE(S) 1-100;" AND "CORPORATION(S) XYZ 1-100," | |
| Defendants. | |

COME NOW the Plaintiffs, by and through their attorneys of record, Dean Standish Perkins of Dean Standish Perkins & Associates and Brett Kobes of Kobes Legal PLLC, in the above-entitled matter complain and allege as follows:

### 1.0 PARTIES

1.1 Plaintiffs Daniel Garcia and Celia Hernandez are adult citizens and residents of Yakima County and resided therein at all times material to this Complaint.

1.2 Defendant Walmart Inc. (hereinafter "Walmart") is, and was at all times material hereto, a corporation doing business nationwide and in Yakima County, Washington. It employs

COMPLAINT FOR DAMAGES-1-

KOBES LEGAL PLLC
118 DOWNING AVE N., SUITE B
NORTH BEND, WA 98045
P: (206) 915-7177 F: (425) 292-3973

more than 15 employees at all relevant times herein and is an employer as defined in the Washington Law Against Discrimination.

1.3  Defendant Wal-Mart #2241 POS (hereinafter "Walmart") is, and was at all times material hereto, a corporation doing business nationwide and in Yakima County, Washington. It employs more than 15 employees at all relevant times herein and is an employer as defined in the Washington Law Against Discrimination.

1.4  Defendants "Doe(s) 1-100," in doing the things complained of herein, were acting with the course and scope of their employment by Defendants."

1.5  Defendants "Corporation(s) XYZ 1-100" are corporations whose identities are unknown to Plaintiffs at this time but in doing the things complained of herein, were acting within the course and scope of their relationship with Defendants and/or were entities involved in causing harm to Plaintiffs as alleged herein.

1.6  Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of their employment with Walmart in causing harm as alleged herein.

## 2.0  JURISDICTION AND VENUE

2.1  The acts and omissions alleged herein, and the resulting injuries, occurred in Walmart. Defendants hired and employed Plaintiff Garcia in Sunnyside, Washington, and Defendants hire employees in Walmart stores nationwide including but not limited, Sunnyside and Bellevue, Washington. Defendant Walmart is one of the largest companies by revenue in the world with locations across the nation, including but not limited to, Yakima and King County, Washington. The Superior Court for the County of Yakima, State of Washington, thus properly has jurisdiction and venue over this action.

## 3.0    FACTS

3.1    Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1.1 through 2.1.

3.2    Plaintiff Garcia is married to Celia Hernandez, and Plaintiff Garcia was hired by Walmart on or about July 24, 1994.

3.3    Plaintiff Garcia is a 58 year-old adult with a visual impairment and/or vision disability, and his visual disability began at a young age.

3.4    As a result, Plaintiff Garcia requires accommodation of his disability to assist with his sight.

3.5    On or about July 24, 1994, Plaintiff Garcia was hired by Walmart as a Stocker earning approximately $7.59 per hour.

3.6    Walmart provides employees with name tags ostensibly for identification purposes.

3.7    Walmart required Plaintiff Garcia to wear a name tag but not with his name on it. Plaintiff's name tag said "Congo" because he was brown and hairy like a guerilla. He wore this name tag until the day Walmart terminated his employment.



COMPLAINT FOR DAMAGES-3-

KOBES LEGAL PLLC
118 DOWNING AVE N., SUITE B
NORTH BEND, WA 98045
P: (206) 915-7177 F: (425) 292-3973

3.8     At the time Plaintiff Garcia was hired, he notified Walmart of his visual disability and his need for accommodation, which was discussed with many different Walmart employees, managers and supervisors over the course of Plaintiff's 25 years of employment for Walmart.

3.9     Plaintiff Garcia received countless positive annual reviews, ninety (90) day evaluations, job readiness assessments and quarterly personnel file reviews over the course of Plaintiff's 25 years working for Walmart. Plaintiff Garcia was a part-time employee working approximately 20 hours per week.

3.10    Plaintiff Garcia experienced severe dehumanizing treatment as a Walmart employee with a disability including, but not limited to, another predatory employee, Isidro Doe, placing his genitals on Plaintiff's neck in December of 2018. After Plaintiff reported this to management, Plaintiff was forced to continue working with the predator in the same department.

3.11    On September 11, 2003, Mr. Garcia was a Salesfloor Associate, and Walmart memorialized training targeted to Plaintiff Garcia in his employee file. Memorialized in the employee file is training Plaintiff received where he was instructed by Walmart management that he needed to look them [customers] in the eye. This was insulting as Plaintiff suffers from a visual impairment.

> With your trainer's assistance, demonstrate the following with a Customer and an Associate:
> ✓ 10-Foot Rule
>   Smile, Look them in the eye, and Greet them.
> ✓ Greet, Show, and Ask
>   Greet them, Ask to help, Take them to the item.
> (Listen, show patience, demonstrate a positive attitude, and always say thank you.)
> ✓ Attend the daily store meetings with your trainer.

3.12    On or about March 15, 2019, Plaintiff's manager Kim told him he should retire using his visual impairment as the reason he should retire.

COMPLAINT FOR DAMAGES-4-

3.13    On or about May 14, 2019, Plaintiff Garcia requested reasonable accommodations such as a larger screen for his CBL classes or the use of a magnifying glass, but those requests were denied.

3.14    On or about May 14, 2019, Plaintiff Garcia filled out and applied for Walmart's Accommodation Medical Questionnaire in hopes for leave to seek a novel eye treatment (RP65 injection) that could improve his eyesight. The eye doctor at Walmart, Dr. John Carter, was Plaintiff's doctor and was familiar with his eye condition, signed the Accommodation Medical Questionnaire.

3.15    Plaintiff's Manager, Cynthia, when speaking to Plaintiff Garcia referred to him as a "liability" to Walmart because of his visual impairment.

3.16    On or about June 1, 2019, Plaintiff Garcia took a personal leave of absence due to a cold negatively impacting his sight.

3.17    On or about June 7, 2019, Walmart provided Plaintiff Garcia with a letter stating NOTHING in his medical documentation indicated he was unable to perform the essential functions of his job, so he should return to his next scheduled shift.

3.18    Between the dates of June 1, 2019 and approximately July 25, 2019, Plaintiff Garcia utilized his vacation, PTO or other benefits and remained on Walmart payroll while receiving his salary.

3.19    On or about July 24, 2019, Plaintiff Garcia received a return-to-work certification from Dr. Cindy Mi M.D. to return to work and "Please provide any accommodations you would to a blind person."

3.20    Between the dates July 24, 2019 and November 14, 2019 (and still employed by Walmart during this time), Plaintiff Garcia made no less than 20 attempts to seek work by calling

COMPLAINT FOR DAMAGES-5-

118 DOWNING AVE N., SUITE B
NORTH BEND, WA 98045
P: (206) 915-7177 F: (425) 292-3973

Walmart multiples times on multiple days. Plaintiff Garcia received rides to Walmart from his spouse and mom on multiple days to beg for work in person to his manager and facility personnel.

3.21   Between August 8, 2019 and November 6, 2019 (while still employed by Walmart), Plaintiff Garcia worked with a job coach at a governmental agency, which advocated on his behalf with Walmart to find ways Plaintiff Garcia could work at Walmart.

3.22   The governmental agency, the Department of the Blind, made physical visits to Plaintiff's place of work at Walmart, made phone calls to Walmart, left voicemails with Walmart management, communicated with the store, communicated with Plaintiff's direct supervisor and other Walmart management and attempted to provide suggestions for reasonable accommodations to help Plaintiff Garcia successfully work at Walmart prior to Walmart terminating his job.

3.23   On or about August 9, 2019, Walmart provided Plaintiff Garcia with a letter stating the reason for denial of his medical request for leave for treatment to his eye was due to his failure to provide medical information / "Certification of healthcare provider."

3.24   Because of Plaintiff's visual impairment, he relied on a magnifying glass to read small print; however, his Manger, Cynthia, told him that "she was not a fan of his magnifying glass." She pressured him not to use it to see.

3.25   When Plaintiff's job terminated on or about November 6, 2019, after working for Walmart for 25 years his hourly wage was $17.32 as a Lawn and Garden Associate.

3.26   The U.S. Equal Employment Opportunity Commission issued the Notice of Suit Rights dated August 12, 2021 and this Complaint was properly filed within the ninety (90) days.

3.27 Plaintiff Celia Hernandez has suffered a loss of consortium as a result of the injuries to her husband.

## 4.0  CAUSE OF ACTION

### (WLAD – DISABILITY DISCRIMINATION)

4.1 Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1.0 through 3.27, above.

4.2 The Washington Law Against Discrimination (WLAD), Chapter 49.60 RCW prohibits employers from discriminating against employees on the basis of disability.

4.3 Plaintiff Garcia is an individual with a disability.

4.4 Defendants treated Plaintiff Garcia differently in terms and conditions of his employment on the basis of the presence of any sensory, mental or physical disability and/or because of Plaintiff's actual or perceived disability in violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60, *et seq*.

4.5 As a direct and proximate cause of Defendants and Defendant Walmart's deliberate actions, Plaintiff Garcia incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress and pain and suffering in an amount to be proven at trial.

4.6 All Defendants are liable for said conduct under both vicarious liability and on agency relationship.

\\\
\\\
\\\

## 5.0 CAUSE OF ACTION

### (WLAD – FAILURE TO ACCOMODATE)

5.1    Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1.0 through 4.6, above.

5.2    Defendants and Defendant Walmart failed and continues to fail in its duty to provide reasonable accommodations for Plaintiff's sensory, mental or physical limitations as required by law.

5.3    Plaintiff's requested accommodations were reasonable and would not result in an undue hardship to Defendant Walmart's business.

5.4    Defendants and Defendant Walmart also failed to engage in a good faith interactive process in exploring possible reasonable accommodations for Plaintiff Garcia as required by law.

5.5    All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## 6.0 CAUSE OF ACTION

### (NEGLIGENT SUPERVISION AND HIRING AND FAILURE TO TRAIN)

6.1    Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1.0 through 5.5, above.

6.2    Defendants were negligent in training, hiring, managing, and/or supervising their managers, supervisors, employees, and/or agents. Defendants were aware or should have been aware of the unlawful actions of their managers, supervisors, employees, and/or agents, and the failures to correct the wrongful conduct.

6.3     As a direct and proximate cause of Defendant's negligent supervision and hiring and failure to train, Plaintiff Garcia incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

## 7.0     CAUSE OF ACTION

### (RESPONDEAT SUPERIOR)

7.1     Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1.0 through 6.3, above.

7.2     Defendants are liable for all actions of their employees, managers and supervisors under the Doctrine of *Respondeat Superior*. The conduct of these employees, managers and agents was implicitly ratified by Defendants and involved discrimination and retaliation. Defendant Walmart is therefore Jointly and severally liable for the conduct of these employees, managers, and agents, and for damages.

## 8.0     CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

8.1     Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1.0 through 7.2, above.

8.2     The acts described herein were extreme and outrageous and were done with the intention of inflicting severe emotional distress upon Plaintiff Garcia and were done with reckless disregard as to whether such acts would cause Plaintiff Garcia severe emotional distress.

8.3     Defendants and Defendant Walmart are strictly liable for the extreme and outrageous acts committed by its employees, managers and agents.

COMPLAINT FOR DAMAGES-9-

KOBES LEGAL PLLC
118 DOWNING AVE N., SUITE B
NORTH BEND, WA 98045
P: (206) 915-7177 F: (425) 292-3973

8.4     As a direct and proximate cause of Defendants' acts, Plaintiff Garcia incurred non-economic and economic damages, including but not limited to lost wages, future lost wages, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

8.5     At no time did Plaintiff Garcia consent or acquiesce to any of Defendants' acts alleged above.

### 9.0     CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

9.1     Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1.0 through 8.5, above.

9.2     All Defendants, and each of them, knew or reasonably should have known that the conduct described above would and did proximately result in physical and emotional distress to Plaintiff. Defendants and Defendant Walmart are strictly liable for the conduct and acts committed by its employees, managers and agents.

9.3     As a direct and proximate cause of Defendants' acts, Plaintiff Garcia incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

9.4     At no time did Plaintiff Garcia consent or acquiesce to any of Defendant's illegal acts and/or illegitimate behaviors described above.

\\\

\\\

### 10.0 AMERICANS WITH DISABILITIES ACT

10.1  Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1.0 through 9.4, above.

10.2  Plaintiff Garcia is a qualified individual with a disability that limited his major life activities.

10.3  Defendants treated Plaintiff Garcia differently in terms and conditions of his employment on the basis of the presence of any sensory, mental or physical disability and/or because of Plaintiff's actual or perceived disability in violation of the Americans with Disabilities Act, 29 U.S.C.A §§12101 *et seq*.

10.4  Plaintiff Garcia was treated terribly at his work and his job terminated because of his physical impairment.

10.5  As a direct and proximate cause of Defendants and Defendant Walmart's deliberate actions, Plaintiff Garcia incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress and pain and suffering in an amount to be proven at trial.

10.6  All Defendants are liable for said conduct under both vicarious liability and on agency relationship.

### 11.0 RETALIATION

**(State - RCW 49.60 and Federal Equal Employment Opportunity)**

11.1  Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1.0 through 10.6, above.

COMPLAINT FOR DAMAGES-11-

KOBES LEGAL PLLC
118 DOWNING AVE N., SUITE B
NORTH BEND, WA 98045
P: (206) 915-7177 F: (425) 292-3973

11.2    Plaintiff Garcia reasonably believed to be discriminated against based on his disability and opposed such discrimination with his direct supervisor.

11.3    Terminating Plaintiff Garcia due to his opposition of disability discrimination was a substantial factor in defendant's decision to terminate his employment.

11.4    As a direct and proximate cause of Defendants' and Defendant Walmart's deliberate actions, Plaintiff Garcia incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress and pain and suffering in an amount to be proven at trial.

11.5    All Defendants are liable for said conduct under both vicarious liability and on agency relationship.

### 12.0    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment against all Defendants on his behalf for the following:

A.  Special damages in an amount according to proof at trial;

B.  Judgment jointly and severally against defendants;

C.  Punitive damages in an amount according to proof at trial;

D.  General damages, including but not limited to physical, mental and emotional injury resulting from the acts complained of herein;

E.  Attorney fees, prejudgment interest, costs, exemplary, and punitive damages as may be provided by law;

F.  Compensation for any tax penalty associated with recovery; and

G.  For such other and further relief as the court deems just and equitable.

COMPLAINT FOR DAMAGES-12-    KOBES LEGAL PLLC
118 DOWNING AVE N., SUITE B
NORTH BEND, WA 98045
P: (206) 915-7177 F: (425) 292-3973

DATED November 1, 2021.

DEAN STANDISH PERKINS & ASSOCIATES

By: _____
Dean Standish Perkins, WSBA #15856
Attorney for Plaintiff

KOBES LEGAL PLLC

By: _____
Brett Kobes, WSBA #54923
Attorney for Plaintiff