UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL GARCIA, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>WALMART, INC.,<br><br>　　　　　　　　Defendant. | NO. 1:22-CV-3003-TOR<br><br>ORDER DENYING MOTION FOR NEW TRIAL |

BEFORE THE COURT is Plaintiff's Motion for New Trial, or Alternatively, Motion to Alter or Amend Judgment. ECF No. 90. These matters were submitted for consideration with oral argument. The Court has reviewed the record and files herein, considered the parties' arguments, and is fully informed. For the reasons discussed below, Plaintiff's Motion for New Trial (ECF No. 90) is DENIED.

ORDER DENYING MOTION FOR NEW TRIAL ~ 1

# BACKGROUND

As an initial matter, the Court acknowledges its typo in the Order Granting Defendant's Motion for Summary Judgment (ECF No. 86). Dr. Cindy Mi indicated that Plaintiff would be medically cleared to return to work on December 31, 2019, not 2021. See ECF No. 37-10. That error, however, does nothing to change the analysis or conclusion of the Court.

Plaintiff now contends that Dr. Mi never made a determination that Plaintiff was totally disabled. Plaintiff alleges that "the Court found that Plaintiff was completely disabled from working in any capacity until that date."

Next Plaintiff contends that Defendant's evidence cannot contradict the testimony of a Rule 30(b)(6) witness.

Finally, Plaintiff contends that Defendant did not inform Plaintiff of his doctor's statement that he was not expected to return to work until December 31, 2019.

Plaintiff raises issues and arguments that do not create genuine issues of material fact warranting reconsideration.

# DISCUSSION

## I.    Legal Standard

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or

Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Evidence available to a party before it files its opposition is not "newly discovered evidence" warranting reconsideration of summary judgment. *See Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

1    Plaintiff has not identified an intervening change in the law, submitted any
2    new evidence, or demonstrated the Court committed clear error that was manifestly
3    unjust.  *See Hawaii Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269
4    (D. Haw. 2005) ("[R]econsideration may not be based on evidence and legal
5    arguments that could have been presented at the time of the challenged decision.")
6    (citation omitted).  Plaintiff simply disagrees with the Court's prior order which is
7    "an insufficient basis for reconsideration."  *Id*.  Thus, Plaintiff has not provided
8    any grounds upon which the Court can grant his motion.

9    **A. Dr. Mi's Statement that Plaintiff is Expected to Return 12/31/2019**

10    Plaintiff contends that Dr. Mi never made a determination that Plaintiff was
11    totally disabled.  Plaintiff alleges that the Court found that Plaintiff was completely
12    disabled from working in any capacity until that date.  Plaintiff is wrong, the Court
13    never made any such finding in its order.  The significance of Dr. Mi's statement is
14    that while Plaintiff asked to return to work, the employer had conflicting
15    information from Plaintiff's own doctor.  The paperwork received from Dr. Mi
16    lacked the requisite information to support Plaintiff's request for medical leave;
17    Sedgwick notified Plaintiff of the deficiencies.  In response, Plaintiff resubmitted
18    the same form.

19    The undisputed evidence indicates the reason Plaintiff was not returned to
20    work was because of the notation from Dr. Mi indicating Plaintiff could not return

ORDER DENYING MOTION FOR NEW TRIAL ~ 4

1  to work until December 31, 2019.  ECF No. 62 at 6.  Sedgwick and Defendant did

2  not override Plaintiff's doctor's note restricting him from working for a certain

3  period of time.  ECF No. 36 at 8, ¶ 36.  Plaintiff did not contact Dr. Mi to request

4  an earlier return to work date.  *Id*. at 8, ¶ 37.  Plaintiff was informed of the reason

5  for the denial of his return-to-work request when he contacted Sedgwick on

6  November 13, 2019.  *Id*. at 9, ¶ 42.  Plaintiff then resigned on November 14, 2019.

7  *Id*. at 9, ¶ 43.

8        Based on the uncontroverted evidence, there is no basis for reconsideration.

9        **B. Rule 30(b)(6) Witness Testimony**

10        Plaintiff contends that Defendant's evidence cannot contradict the testimony

11  of a Rule 30(b)(6) witness.  Specifically, Plaintiff contends Defendant must be held

12  to its Rule 30(b)(6) testimony admitting that it had no knowledge of Dr. Mi's

13  12/31/2019 return to work date before Plaintiff resigned.  ECF No. 90 at 4.

14        According to *Snapp v. United Transportation Union*, 889 F.3d 1088, 1104

15  (9th Cir. 2018), Rule 30(b)(6) testimony is not binding as a judicial admission and

16  organizations may explain or supplement such statements.[1]  Here, Dr. Mi provided

17  an expected return to work statement to the Defendant or its agents.  Plaintiff did

---

[1] Ms. Guajardo testified to being aware of Plaintiff's medical restriction in 2019. ECF 62 at 6:1-14.

ORDER DENYING MOTION FOR NEW TRIAL ~ 5

not provide any other information from Dr. Mi.  Plaintiff was not returned to work and he was informed of what his doctor provided.

Based on the uncontroverted evidence, there is no basis for reconsideration.

### C. Defendant Failed to Inform Plaintiff of Dr. Mi's Statement

Plaintiff seeks to establish liability by claiming that Defendant had an affirmative obligation to inform him of Dr. Mi's medical restriction.  Plaintiff does not cite any legal authority that supports this contention.  In fact, the opposite of Plaintiff's claim is correct: it is reasonable to expect that an employee is aware of the information that his doctor is providing to his employer on his behalf.  *See*, *e.g., Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1177-78 (9th Cir. 2000) (overruled on other grounds) (finding it unreasonable for an employee to rely upon the employer's representations of what his doctor communicated, rather than simply acquiring the doctor's note or directly communicating with the doctor himself).  Dr. Mi was Plaintiff's doctor, and he should know what his own doctor provided to his employer.  It is not the employer's duty to inform Plaintiff what Plaintiff's own doctor provided.

Based on the uncontroverted evidence, there is no basis for reconsideration.

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for New Trial, or Alternatively, Motion to Alter or Amend Judgment, ECF No. 90, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The file remains **closed**.

DATED April 17, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR NEW TRIAL ~ 7